UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NATHEN D. BAKER,

                Plaintiff,

v.

DEPARTMENT OF THE AIR FORCE - LEWIS MCCHORD,

                Defendant.

CASE NO. C21-5201-JLR-MAT

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

Pro se plaintiff Nathen Baker, an inmate at the South Correctional Entity (SCORE) jail, submitted an *in forma pauperis* (IFP) application and a proposed civil rights complaint. (Dkt. 1.) Plaintiff names Department of the Air Force–Lewis McChord as defendant, identifies "disorderly" as the right violated, does not provide facts in support of a claim, describes injuries suffered as "jail sentences", "statement claims trator [sic]", "jail", and "hospitalizations", and requests "known rank with pay for honorable discharge with benefits" as relief. (*Id*. at 4-6.) Separately submitted documents do not elucidate the nature of plaintiff's claims. (Dkts. 4, 6-7.) The documents include, for example, SCORE commissary receipts and statements such as: "Lose King County Sheriff patrol and Muckleshoot Tribal Security working for the Muckleshoot Indian Tribe replaces Federal

REPORT AND RECOMMENDATION
PAGE - 1

Bureau of Investigation.  Valedictorian AHS.  Impecable [sic]." (Dkt. 6 at 2.)

To sustain a civil rights cause of action under 42 U.S.C. § 1983, a plaintiff must show (a) that he suffered a violation of rights protected by the Constitution or created by a federal statute, and (b) that the violation was proximately caused by a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  With a claim under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and its progeny, a plaintiff must allege the constitutional violation was committed by a federal actor or agent.  *See Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).  A *Bivens* claim is not available against a federal agency. *FDIC v. Meyer*, 510 U.S. 471 (1994).  With either a § 1983 claim or a claim under *Bivens*, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing the pleader is entitled to relief, and a demand for the relief sought.  The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint must also allege facts to state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 678.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court may deny an application to proceed IFP and should dismiss a complaint if it is frivolous or fails to state a claim upon which relief may be granted.  An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In this case, plaintiff fails to identify a viable defendant and fails to state a plausible claim for relief. He improperly identifies a federal agency and military base as a defendant, does not identify a constitutional violation, and does not provide any facts placing a potentially viable defendant on notice of the nature of his claims. The action appears frivolous. A review of court filings also reveals plaintiff has filed several other similarly deficient complaints in this Court. *Baker v. State of Washington*, C21-0189-JCC (Dkt. 1); *Baker v. Gates*, C18-0059-JCC (Dkt. 1-1); *Baker v. Laborer's Local 440*, C18-0034-MJP (Dkt. 3).

Where a pro se litigant's complaint fails to state a claim upon which relief may be granted, the Court generally grants him the opportunity to amend. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). However, the Court may deny leave to amend if "it is absolutely clear that no amendment can cure the defect." *Id*. Considering the current submission and litigation history, there is no reasonable basis for concluding the deficiencies in the proposed complaint could be cured by amendment. Further, given that this action appears frivolous and fails to state a claim upon which relief may be granted, it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B).

Given the above, the request to proceed IFP should be DENIED and this case should be DISMISSED under 28 U.S.C. § 1915(e)(2)(B).[1] A proposed order of dismissal accompanies this Report and Recommendation.

OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect

---

[1] If plaintiff believes he can cure the above-described defects, he may submit an amended complaint with his objections, if any, to this Report and Recommendation.

REPORT AND RECOMMENDATION
PAGE - 3

your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **May 14, 2021**.

DATED this 21st day of April, 2021.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4