UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATHEN DWAYNE BAKER,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>DEPARTMENT OF THE AIR FORCE - LEWIS MCCHORD,<br><br>　　　　　　Defendant. | CASE NO. C21-5201JLR<br><br>ORDER |

Before the court is the Report and Recommendation filed by Magistrate Judge Mary Alice Theiler (R&R (Dkt. # 8)) and the objections thereto filed by Plaintiff Nathen Dwayne Baker (Obj. (Dkt. # 12); *see also* Misc. Doc. (Dkt. # 13)). Magistrate Judge Theiler recommends that the court deny Mr. Baker's request to proceed in forma pauperis ("IFP") and dismiss Mr. Baker's complaint without leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B). (*See* R&R at 3.) The court has reviewed the Report and Recommendation, Mr. Baker's objections, the balance of the record, and the governing

ORDER - 1

law.  Being fully advised, the court ADOPTS Magistrate Judge Theiler's Report and Recommendation.

Title 28 U.S.C. § 1915(e)(2)(B) authorizes a district court to dismiss a claim filed IFP "at any time" if it determines:  (1) the action is frivolous or malicious; (2) the action fails to state a claim; or (3) the action seeks relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  Because Mr. Baker is a *pro se* plaintiff, the court must construe his pleadings liberally.  *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992).

Mr. Baker states that he is bringing his action pursuant to 42 U.S.C. § 1983.  (*See* Obj. at 1.)  Although Mr. Baker named Defendant Department of the Air Force – Lewis McChord in his complaint (*see* Compl. (Dkt. # 1)), he does not explain the basis of his claim against Defendant in either his objections or the additional document he filed on June 1, 2021.  (*See* Obj.; Misc. Doc.)  Thus, even construing Mr. Baker's pleadings liberally, as it must, the court remains unable to determine the basis of Mr. Baker's claims.

When a court dismisses a *pro se* plaintiff's complaint, the court must give the plaintiff leave to amend unless it is absolutely clear that amendment could not cure the defects.  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  Here, the court concludes that there is no reasonable basis to believe that the deficiencies identified in the Report and Recommendation can be cured by amendment.  Because this action appears to be frivolous and fails to state a claim upon which relief may be granted, the court ADOPTS Magistrate Judge Theiler's Report and Recommendation (Dkt. # 8) and

DISMISSES Mr. Baker's complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Dated this 2nd day of June, 2021.

_____
JAMES L. ROBART
United States District Judge